IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CRAIG LAMONT HENRY                                              PLAINTIFF
#001033

v.                        No. 2:22-cv-35-DPM

DEAN MANNIS, Head Sheriff, Arkansas County
Department of Corrections; JEREMIAH
RICHARDS, CID Investigator, Arkansas County
Department of Corrections; KESHUN GADDY,
(Kieshawn/Keyshawn Gatty) Inmate, Arkansas
County Department of Corrections; KERI
TIMMONS, Inmate, ADC; BUBBA SHELTON,
Constable, Arkansas County Sheriff's Department;
SAM GOLDEN, Deputy Sheriff, Arkansas County
Sheriff's Department; RODNEY SMITH, Inmate,
Arkansas County Detention Center; ANTHONY
HOOKS, Inmate, Arkansas County Detention
Center; KEYSHAWN SIMS, "Keshun", Inmate,
Arkansas County Detention Center; and
ARKANSAS COUNTY SHERIFF'S
DEPARTMENT                                                     DEFENDANTS

ORDER

1.     The Court declines the recommendation, *Doc. 4*, and withdraws the reference.

2.     Henry's motion to amend, *Doc. 10*, is granted. The second amended complaint is deemed filed. The Court must screen it. 28 U.S.C. § 1915(e)(2).

Henry abandoned his claims against the Arkansas Department of Corrections, Gaddy, Timmons, Sims, and Hooks. Those defendants are dismissed and the claims against them are dismissed without prejudice. The claims against the Arkansas County Sheriff's Department and the Arkansas County Administration are dismissed without prejudice because those entities are not subject to suit under 42 U.S.C. § 1983. *De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (per curiam). Blair is also dismissed and the claims against him are dismissed without prejudice. In his role as a prosecutor, Blair has immunity. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016).

The Court declined the recommendation because of Henry's second amended complaint and for the sake of efficiency. But, Henry didn't object to the recommended dismissal of the various claims and defendants identified by the Magistrate Judge. Those claims are virtually unchanged in the second amended complaint. For the reasons stated in the recommendation, Henry's failure to protect, failure to provide medical care, and failure to prosecute claims against Mannis, Richards, Shelton, and Golden are dismissed without prejudice. Mannis is dismissed as a defendant.

Henry uses his second amended complaint to round out the factual basis for his wrongful arrest claims against Richards, Shelton, and Golden. He also adds a claim against Eason based on an alleged

5 May 2021 traffic stop.  Those claims go forward.  None of Henry's live claims are about his conditions of confinement.  The Court therefore directs the Clerk to reclassify this case as a 550 prisoner civil rights case.  And the Court returns the case to the Magistrate Judge.

 So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 May 2022