### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**CRAIG LAMONT HENRY**                                          **PLAINTIFF**
**ADC #182978**

**V.**                          **NO. 2:22-cv-35-DPM-ERE**

**DEAN MANNIS, *et al*.**                              **DEFENDANTS**

### <u>RECOMMENDED DISPOSITION</u>

This Recommended Disposition ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Marshall can adopt the RD without independently reviewing the record.

### I.    Background

Plaintiff Craig Lamont Henry, an inmate at the Ouachita River Unit of the Arkansas Division of Correction,[1] filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* In the original complaint, he alleged that, in May 2021, he was attacked by an inmate at the Arkansas County Detention Center and released from custody so that he could receive treatment for his injuries. *Id. 6-7.* He asserted that officers: (1)

---

[1] When he filed the case, Mr. Henry was a pre-trial detainee at the Arkansas County Detention Center.

failed to prosecute the inmates who had attacked him; and (2) wrongfully stopped and arrested him multiple times after he was released. *Id. 8-9*.

After I issued a partial recommended disposition ("PRD"), Judge Marshall granted Mr. Henry's request to file an amended complaint and declined to adopt the PRD because of Mr. "Henry's second amended complaint and for the sake of efficiency." *Doc. 12*. Judge Marshall dismissed, without prejudice, Mr. Henry's "failure to protect, failure to provide medical care, and failure to prosecute claims against Mannis, Richards, Shelton, and Golden . . . [and] Mannis [was] dismissed as a defendant." *Id.* Remaining were: (1) Mr. Henry's wrongful-arrest claims against Investigator Jeremiah Richard,[2] Constable Bubba Shelton, and Arkansas County Deputy Sheriff Sam Golden; and (2) allegations regarding a traffic stop by Arkansas County Deputy Sheriff Cody Eason on May 5, 2021.

Defendants Richard, Eason, and Golden have filed a motion for summary judgment. Mr. Henry has not responded to the motion, and the time to do so has passed.[3]

---

[2] Investigator Richard is an investigator for the Criminal Investigation Division of the Arkansas County Sheriff's Office. Additionally, the second amended complaint lists his name as "Richards," but it appears that his name is spelled "Richard."

[3] On April 26, 2024, the Court advised Mr. Henry that he had until May 10, 2024, to respond to Defendants' motion.

2

## II.     Undisputed Facts[4]

On April 10, 2021, Mr. Henry fled in his car from Constable Shelton in Arkansas County. *Doc. 47-1 at 7*. On April 19, 2021, he was arrested and booked, as a pretrial detainee, into the Arkansas County Detention Center for a felony fleeing charge related to the April 10 fleeing. *Id. at 3.* On April 22, 2021, a bench warrant was issued for Mr. Henry related to the fleeing charge. *Id. at 7-9.* However, before it could be served, Mr. Henry was released from the detention center. *Id. at 2*.

On June 24, 2021, an anonymous caller advised Investigator Richard that he knew Mr. Henry had an outstanding warrant and was at the Walmart parking lot in Stuttgart, Arkansas. *Doc. 52*. Investigator Richard confirmed that the April 22, 2021, warrant was still active, and he, Deputy Golden, and Constable Shelton went to the Walmart parking lot to arrest Mr. Henry. *Docs. 52, 53*. Mr. Henry was arrested and transported to the Arkansas County Sheriff's Office, but officials there released him after seeing that he previously had been released for medical reasons. *Doc. 53*.

## III.     Discussion

### A.     Investigator Richard and Deputy Golden

The undisputed facts are that Investigator Richard and Deputy Golden had a valid arrest warrant when they arrested Mr. Henry on June 24, 2021. Both are entitled

---

[4] Because Mr. Henry failed to file a statement of disputed facts, the facts contained in Defendants' statement of undisputed facts are deemed admitted. *See* Local Rule 56.1(c).

to qualified immunity "because they were acting under a valid arrest warrant." *Smith v. Hutchinson*, No. 21-2904, 2023 WL 2292273, at *1 (8th Cir. Mar. 1, 2023). "Even if the warrant was not valid," Investigator Richard and Deputy Golden still would be entitled to qualified immunity because the undisputed facts will not support a finding that a reasonable officer in their "position would have known that [his] arrest was illegal despite the existence of warrant." *Brown v. City of Mayflower*, No. 4:16-CV-00270-SWW-JTK, 2018 WL 1307923, at *8 (E.D. Ark. Jan. 11, 2018) (citing *Stigall v. Madden*, 26 F.3d 867, 869 (8th Cir. 1994)).

## B.   Deputy Eason

The pending motion for summary judgment also was filed on behalf of Deputy Eason. However, nothing in Defendants' filings mention the substance of the claim against Deputy Eason.[5] The arrest-pursuant-to-a-valid-warrant defense does not apply to Deputy Eason, because he did not arrest Mr. Henry. However, the allegations in the second amended complaint fail to state a plausible claim against Deputy Eason. Mr. Henry alleges that Deputy Eason "unlawfully stopped" him while he was driving, checked his insurance, and reminded Mr. White that he had a May 16, 2021, court date. Without more, Mr. Henry's conclusory allegation that he was "unlawfully stopped" fails to "allege sufficient facts to state a facially plausible

---

[5] Deputy Eason is mentioned only in the opening sentence of the motion, supporting brief, and statement of undisputed material facts: "Separate Defendants Jeremiah Richard, Cody Eason and Sammuel Golden, in their individual and official capacity . . . ."

claim for relief."[6] *Ingram v. Arkansas Dep't of Correction*, 91 F.4th 924, 927 (8th Cir. 2024).

## C.      Constable Shelton

Constable Shelton has not filed a motion for summary judgment. However, the only allegations against Constable Shelton are that he charged Mr. Henry with felony fleeing and he was involved in the alleged unlawful arrest in June 2021. The first allegation is meritless because Mr. Henry admitted that he fled from Constable Shelton.[7] The second allegation regarding the arrest fails because Constable Shelton is entitled to qualified immunity, just like Investigator Richard and Deputy Golden.

Federal Rule of Civil Procedure 56 permits the Court, "[a]fter giving notice and a respond," to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3).[8]

---

[6] A district court may *sua sponte* dismiss a claim, at any time, when it becomes evident that a listed basis for dismissal is satisfied. *See* 42 U.S.C.A. § 1997e(c) ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . by a prisoner . . . if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . .."); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring that the court "dismiss the case at any time" it determines that an in forma pauperis complaint fails to state a claim on which relief may be granted).

[7] In his deposition, Mr. Henry admitted that he knew Constable Shelton was going to pull him over "[s]o I took off on him. I got charged for that . . . and I was arrested on April 22 for that." *Doc. 47-4 at 10*.

[8] An RD complies with Fed. R. Civ. P. 56(f)(3) when it puts a party on notice that the court is considering summary judgment *sua sponte* and allows the party a reasonable time to respond. See *Scott v. McKenzie*, No. CV 1:21-00249-KD-B, 2024 WL 964718, at *1 (S.D. Ala. Mar. 5, 2024); *Caldwell-Parker v. Surprise Police Dep't*, No. CV-21-01088-PHX-DWL(JZB), 2022 WL 60545 (D. Ariz. Jan. 6, 2022); *Payne v. River Rocks LLC*, No. 6:15-cv-1727-Orl-40DAB, 2016 WL 8669876 (M.D. Fla. Sept. 9, 2016).

This RD notifies Mr. Henry of my recommendation that Judge Marshall *sua sponte* grant summary judgment for Constable Shelton for the reasons stated above. If Mr. Henry files properly supported objections on this issue, Constable Shelton will have seven days to file a reply.

## IV.    Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' motion for summary judgment (*Doc. 47*) be GRANTED IN PART and DENIED IN PART. Specifically, the claims against Investigator Richard and Deputy Golden be DISMISSED with prejudice and the claims against Deputy Eason be dismissed without prejudice, for failure to state a claim;

2.  Summary judgment be granted for Constable Shelton pursuant to Federal Rule of Civil Procedure 56(f)(3); and

3.  This case be closed.

DATED 14 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE